UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 9:15-CV-80560–ROSENBERG/BRANNON

VTS TRANSPORTATION, INC,
Florida corporation d/b/a NORTH COUNTY
TRANSPORTATION, GASOLINEAL, INC., a
Florida corporation d/b/a APOLLO
TRANSPORTATION SERVICES, BOYCE
TRANS, INC, a Florida corporation d/b/a
A 1 A AIRPORT and LIMOUSINE SERVICE,
ALL TRANSIT SOLUTIONS, LLC, a Florida
limited liability company d/b/a METRO PREMIER
CAR SERVICE and PRESTIGE LIMOUSINE, INC.,
a Florida corporation,

    Plaintiffs,

V.

PALM BEACH COUNTY, a political subdivision
of the State of Florida,

    Defendant.
_____/

## ORDER

### I. INTRODUCTION

This cause is before the Court on Defendant's Motion to Reconsider. DE 291. Defendant presents two cases that, it argues, ought to persuade the Court to revisit its Order Denying the County's Motion to Dismiss Plaintiff's Amended Complaint. DE 216. The Court has considered Plaintiff's Response in Opposition, DE 294, as well as Defendant's Reply in Support, DE 295, and is otherwise fully advised on the premises. For the reasons discussed below, Defendant's Motion to Reconsider is denied.

### II. BACKGROUND

Plaintiffs, vehicle-for-hire ("VFH") companies operating in Palm Beach County, filed this lawsuit on May 1, 2015. *See* DE 1. Their initial complaint challenged a Temporary

1

Operating Agreement ("TOA") entered into by Defendant Palm Beach County and Rasier, LLC, a subsidiary of Uber Technologies, Inc., LLC, in March 2015. The TOA allowed Rasier to operate in the County without complying with the ordinance governing VFH services. The TOA did impose certain requirements on Rasier, but Plaintiffs contend that these requirements were less onerous than the requirements of the ordinance generally governing VFH companies. Plaintiffs challenged the TOA as a violation of equal protection.

Defendant moved to dismiss. *See* DE 11. In February 2016, the Court granted the motion in part, finding that Plaintiffs' broad allegation that they were similarly situated to Rasier, their alleged comparator for purposes of their equal protection claim, was not supported by sufficient factual allegations. *See* DE 136 at 9. The Court granted Plaintiffs leave to amend their complaint, and Plaintiffs did so on February 18, 2016. *See* DE 137.

Defendant moved to dismiss the Amended Complaint. *See* DE 160. Defendant sought dismissal on four grounds. *Id.* First, Defendant argued that the VFH ordinance in effect when the TOA was entered did not apply to Rasier as a matter of law. *Id.* at 11-13. Second, Defendant argued that, despite the more detailed factual allegations in the Amended Complaint, Plaintiffs could not show that they are similarly situated to Rasier. *Id.* at 15-18. Third, Defendant argued that the TOA did not violate equal protection because it was rationally related to a legitimate government interest. *Id.* at 22-23. Fourth, Defendant argued that Plaintiffs could not state an equal protection claim because they could not show Defendant acted with "ill will." *Id.* at 18-22. The Court rejected all four arguments and denied Defendant's Motion. DE 216.

Defendant now argues that the Court ought to reconsider. Defendant presents two arguments. DE 291. First, Defendant argues that Plaintiffs have failed to state a cognizable Equal Protection Claim, citing a recently decided case out of the Eastern District of Michigan. *Id.* at 7.

Second, Defendant argues that the Court should credit the Seventh Circuit's opinion reversing a denial of a motion to dismiss that the Court had cited in its Order as persuasive. *Id.* at 1. For the reasons detailed below, the Court is not persuaded.

### III.    STANDARD OF REVIEW

"Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Blanco GmbH+Co. KG v. Vlanco Indus., LLC*, 992 F. Supp. 2d 1225, 1257 (S.D. Fla. 2014) (internal quotation marks and citations omitted). A motion for reconsideration may be brought to correct manifest errors of law or fact or to present newly discovered evidence. *Id.* Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.,* 62 F.Supp.2d 1316, 1331 (M.D.Fla.1999). Defendant presents two recently decided cases that it contends counsel in favor of denying Plaintiffs' equal protection claim.

### IV.    ANALYSIS

a. The Court Declines to Adopt the Reasoning in *Misfud v. Uber Technologies, Inc.*

Defendant's first argument is that Plaintiffs have failed to plead a cognizable class of one claim under the Equal Protection Clause. DE 22 at 2. The argument is a relatively simple one: Plaintiffs here are not claiming to have been singled out for discriminatory adverse treatment; rather, Plaintiffs are claiming that Raiser was singled out for favorable treatment. DE 39 at 2-3. This, Defendant argues, is not the stuff of a cognizable class of one claim. For this proposition, Defendant relies on the recently decided case of *Misfud v. Uber Technologies, Inc.*, No. 16-10049, 2016 WL 4415254 (E.D. Mich. August 19, 2016).

In *Misfud*, plaintiffs alleged a "class of one" equal protection violation based on defendant's failure to require that Uber drivers adhere to the Limousine Act and some aspects of the Michigan Vehicle Code. *Misfud v. Uber Technologies, Inc.*, No. 16-10049, 2016 WL 4415254, at *1 (E.D. Mich. August 19, 2016). The court held that the "class of one" theory was not available on those facts. *Id.* at *4. It reasoned from the Supreme Court's decision in *Village of Willowbrook v. Olech*, which stated that the Court "recognized successful equal protection claims brought by a 'class of one,' where Plaintiff alleged that she has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment." *Id.* at *3. The court in *Misfud* held that plaintiff had failed to state a critical element of an equal protection claim—namely, that it had been intentionally "singled out by government for discriminatory adverse treatment." *Id.* *4. Instead, Plaintiff had alleged that it was being treated like all other for-hire limousine drivers in the state and that Uber was being singled out for preferential treatment. *Id.* This, the court held, was not the stuff of a cognizable claim under the Equal Protection Clause. *Id.*

Although the Court acknowledges the similarities between *Misfud* and the instant case, it is unwilling to adopt *Misfud*'s analysis. The implications of *Misfud*'s holding are potentially quite sweeping. The thrust of the opinion's logic is that special treatment arbitrarily afforded one party or class cannot, as a matter of law, serve as the basis for an equal protection claim by a similarly situated party or class denied the same treatment. But the Supreme Court's language in *Olech* does not appear to require that result. There is, moreover, a dearth of case law on the matter. *Misfud* cites only to *TriHealth, Inc. v. Board of Commissioners, Hamilton County, Ohio*, 430 F.3d 783, 788 (6th Cir. 2005) in support of its conclusion. *TriHealth* itself cites no other cases. The Sixth Circuit drew on the fact that the plaintiff in *TriHealth* had cited no authority for

4

the proposition that a "class of one" claim *could* be made out under the circumstances and its own unadorned conclusion that "the incongruity between the theory asserted and the facts complained of is manifest and telling." *Id.* at 788 fn. 3. The Court declines to foreclose the possibility that a viable equal protection claim could be stated on facts like those presented. It will not, therefore, adopt the analysis in *Misfud*.

> b. Dismissal is not Required in Light of The Seventh Circuit's Recent Decision in *Illinois Transportation Trade Association v. City of Chicago*

In its Order Denying the County's Motion to Dismiss Plaintiffs' Amended Complaint the Court remarked that it was "particularly persuaded" by two district court decisions. DE 216 at 7. One of those decisions was *Illinois Transportation v. City of Chicago*, Case No: 14-cv-827, 2015 WL 5610880 (N.D. Ill. Sept. 22, 2015). There, the district court had denied a motion to dismiss an equal protection claim. *See id.* The Seventh Circuit Court of Appeals recently reversed. *Illinois Transportation v. City of Chicago*, Case No: 16-2009, 2016 WL 5859703 (7th Cir. Sept. 22, 2015). The Seventh Circuit's opinion emphasized that "[t]here [were] enough differences between taxi service and TNP service to justify different regulatory schemes, and the existence of such justification dissolves the plaintiffs' equal protection claim." *Id.* at * 4. Defendant argues that "[b]ecause the Uber business model and technology in *Illinois Transportation* is virtually identical to the Uber business model and technology in the instant case, a point which Plaintiffs did not and could not dispute in their response brief," the Court must find that "Plaintiffs in the instant case are not, as a matter of law, similarly situated in all relevant respects to Raiser for purposes of establishing an equal protection claim." DE 295 at 4.

The Court disagrees with Defendants' argument. Taking all of the allegations in the Complaint as true, Plaintiffs have alleged sufficient similarities between their companies and Raiser to raise the plausible inference that there was no rational basis for treating the two

5

differently at the motion to dismiss stage. And, as the Court noted in its prior Order Denying Defendant's Motion to Dismiss, whether there exists a rational basis for differential treatment afforded Raiser, remains a "factual issue which would 'be better addressed in a motion for summary judgment, where a full factual record may be developed, rather than in a motion to dismiss.'" *Id.* (quoting DE 136 at 5 n. 2). The Court declines to conclude that Plaintiffs case fails as a matter of law based on Defendant's conclusory assertion that Plaintiffs "have not and cannot" allege a meaningful difference between the taxi and TNP services analyzed by Judge Posner and those presented in this case.

## V.  CONCLUSION

Neither of the reasons presented by Defendant have persuaded the Court that Plaintiffs' lawsuit ought to be dismissed. Defendant's Motion to Reconsider is, therefore, denied.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 1st day of November, 2016.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE